(Pleito No. 196.—Fallado el 22 de Mayo de 1902.)

## Luzunaris contra Pastor.

Recurso contra sentencia dictada por la Corte de Distrito de Humacao.

Costas. Propuesta cuestión previa de nulidad de actuaciones fundada en varios puntos, si uno ó más de éstos se declarasen con lugar, desestimándose los demás, el tribunal no deberá imponer todas las costas á la parte vencida.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y dos de Mayo de mil novecientos dos, en la causa civil por divorcio seguida ante el Tribunal de Distrito de Humacao, por Carolina Luzunaris, como menor de edad, asistida por su padre legítimo Don Manuel Luzunaris, representada y defendida por el Licenciado Herminio Díaz Navarro, con su esposo Ramón Pastor Díaz, representado y defendido por el Licenciado Juan Hernández López, pendiente ante este Tribunal, en virtud de recurso de casación por infracción de ley, interpuesto por la parte actora contra la sentencia dictada por el referido Tribunal de Distrito resolviendo

incidente previo de nulidad de actuaciones.—1º Resultando: Que habiendo seguido esta causa los trámites legales hasta el punto de practicar las pruebas correspondientes y por el Tribunal admitidas, la representación del demandado, con previo permiso del Tribunal, propuso oralmente cuestión previa de nulidad de actuaciones, citando el artículo 75 de la Orden General número 118 y fundándose en los puntos siguientes: 1º En la falta de personalidad de la representación ó personalidad que ostenta Don Manuel Luzunaris; 2º En la falta de la citación y emplazamiento del Ministerio Fiscal; y 3º En la existencia de cuestiones previas de índole puramente criminal, alegando que no pueden calificarse ni definirse su trámite civil sin términos hábiles para ello.— 2º Resultando: Que los referidos puntos fueron impugnados por la representación de la parte actora.—3º Resultando: Que el Tribunal sentenciador en la sentencia de trece de Noviembre del año anterior, declaró con lugar el incidente de previo y especial pronunciamiento sobre nulidad de actuaciones y en consecuencia anuló todo lo actuado en el pleito ordinario desde la omisión de la intervención y emplazamiento del Fiscal, con las costas de todo lo actuado á la parte demandante, reponiendo las actuaciones á su primitivo estado por si la parte actora usa de su derecho con arreglo al procedimiento.—4º Resultando: Que, contra esa resolución la representación de la demandante, en veinte y cinco de Enero de mil novecientos dos, formalizó recurso de casación por infracción de ley, fundándolo en los incisos primeros de los artículos 1,687, 1,689 y 1,690 número 1 del Código de Enjuiciamiento Civil, y citó como infringido el artículo 63 de la Orden General número 118, de la serie de mil ochocientos noventa y nueve, porque, aun cuando fuese necesaria la intervención del Ministerio Fiscal, no es defecto imputable á su representado, y alegó que habiendo la parte demandada propuesto la nulidad de las actuaciones, fundándose en tres puntos distintos y no habiendo prosperado dos de esas pretensiones, no debió el Tribunal imponer todas

las costas á la parte actora; cuyo recurso se impugnó en el acto de la vista por la parte recurrida.—Visto: Siendo Ponente el Sr. Juez Asociado James H. McLeary.—1º Considerando: Que habiéndose desestimado el motivo referente á la falta de personalidad de la parte demandante, y que también se alegó como motivo de nulidad, se trata de un punto de importancia y su negativa implica que no se han estimado todas las pretensiones de esta parte.—2º Considerando: Que en este concepto se ha infringido la sección 63 de la Orden General número 118 de la serie de mil ochocientos noventa y nueve.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso por infracción de ley, interpuesto por Doña Carolina Luzunaris y en su consecuencia casamos y anulamos, en cuanto á las costas, la sentencia que en trece de Noviembre de mil novecientos uno dictó la Corte de Distrito de Humacao.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones—José Mª Figueras.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don James H. McLeary, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y dos de Mayo de mil novecientos dos.— Antonio F. Castro, *Secretario*.